**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) OKLAHOMA HEALTH CARE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 11-CV-1511-F |
| v. | ) ) |
| 1) CLARENDON NATIONAL INSURANCE COMPANY, | ) **Jury Trial Demanded** ) ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Plaintiff, Oklahoma Health Care Association (OHCA), for its claims against the defendant, Clarendon National Insurance Company (Clarendon), states as follows:

### I.  Parties, Jurisdiction and Venue

1. OHCA is an Oklahoma unincorporated group self-insurance association of employers organized under Title 85 O.S. §398 and Rule 3 of the Rules of the Administrator of the Oklahoma Workers' Compensation Court. OHCA is an approved association under Rule 3, §4. OHCA provides continuing workers' compensation insurance to its members, including claims processing, adjustment, payment and defense, all of which are performed in Oklahoma County, Oklahoma. OHCA's principal place of business is in Oklahoma County, Oklahoma. OHCA's members are all located in Oklahoma, and are as follows: Arbuckle Memorial Hospital, Atoka Memorial Hospital, Carnegie Tri-County Hospital, Choctaw Memorial Hospital, Coal County General Hospital, Colonial Manor I, Colonial Manor II, Cordell Memorial Hospital, Craig

General Hospital, Elkview General Hospital, Fairview Regional Hospital, Harmon Memorial Hospital, Harper County Community Hospital, Jefferson County Hospital, Kiamichi Family Medical Center, Lindsay Municipal Hospital, Logan Hospital and Medical Center, Memorial Hospital & Physician Group, Memorial Hospital of Texas County, Murray County EMS Division, Newman Memorial Hospital, Okeene Municipal Hospital, Oklahoma Sleep Associates, LLC, Pauls Valley General Hospital, Perry Memorial Hospital, Purcell Municipal Hospital, Pushmataha County Hospital, Pushmataha Family Medical Center, Quartz Mountain Medical Center, Roger Mills Memorial Hospital, Sayre Memorial Hospital, Share Medical Center, Shawnee Medical Center Clinic, Tahlequah City Hospital.

2. Clarendon is a New York corporation, with its principal place of business in New York, New York.

3. This case arises out of the partial denial of a valid insurance claim which OHCA submitted to Clarendon under a "Specific Excess and Aggregate Excess Workers Compensation and Employers Liability Reimbursement Policy," which OHCA purchased from Clarendon, in the amount of $152,500.00.

4. Oklahoma County, Oklahoma, is located within the jurisdiction and boundaries of the United States District Court for the Western District of Oklahoma, therefore, venue for this case is proper in this court, pursuant to Title 28 U.S.C. §116(c).

5. The amount in controversy in this case is in excess of $75,000.00, exclusive of costs and interest, and is between citizens of different states, thus jurisdiction is proper, pursuant to Title 28 U.S.C. §1332.

## II.     Facts and Circumstances

6.     OHCA purchased a "Specific Excess and Aggregate Excess Workers' Compensation and Employers Liability Reimbursement Policy;" Policy No. 01XS-0215-215, with a policy period of 07-01-2000 to 07-01-2001. (Clarendon National Insurance Company Policy No. 01XS-0215-215, Exhibit 1).

7.     Pursuant to the Clarendon policy, OHCA submitted a valid insurance claim to Clarendon in the amount of $564,260.00, however, Clarendon has only paid OHCA $338,556.18 in regard to the claim.

8.     Clarendon deliberately and intentionally reduced the amount of OHCA's valid insurance claim by $225,703.82.

## III.     Breach of Contract

9.     Clarendon breached the insurance policy which OHCA purchased by deliberately and intentionally reducing the amount of OHCA's valid insurance claim by $225,703.82.

10.     OHCA has performed all conditions precedent to full recovery of its valid insurance claim, thus there is no excuse for Clarendon's breach.

11.     As a result of Clarendon's breach, OHCA has sustained damages in the amount of $225,703.82.

WHEREFORE, premises considered, Oklahoma Health Care Association prays for a judgment against Clarendon National Insurance Company in the amount of $225,703.82 with interest at the highest legal rate, until paid, together with all costs of

this case, including attorney fees and all other relief as the court may deem just and proper.

### IV.   Bad Faith

12.   Clarendon's deliberate and intentional decision to reduce the amount of OHCA's valid insurance claim by the amount of $225,703.82 was unreasonable under the circumstances, and Clarendon has breached its duty of good faith and fair dealing owed to OHCA under Oklahoma law.

13.   As a result of Clarendon's deliberate and intentional decision to reduce the amount of Clarendon's valid insurance claim by $225,703.82, OHCA has been forced to file this lawsuit.

14.   In that Clarendon deliberately, intentionally and with malice breached its duty to deal fairly and in good faith with OHCA as required by Oklahoma law, OHCA is entitled to recover exemplary damages from Clarendon.

WHEREFORE, premises considered, Oklahoma Health Care Association prays for judgment against Clarendon National Insurance Company in an amount in excess of $75,000.00 with interest at the highest legal rate, until paid, and for exemplary damages, together with all costs of this action, including attorney fees and other such relief as the court may deem just and proper.

Respectfully submitted,

SECREST, HILL, BUTLER & SECREST


s/Roger N. Butler, Jr.
ROGER N. BUTLER, JR., OBA #13668
7134 South Yale, Suite 900
Tulsa, OK 74136-6360
(918) 494-5905 Telephone
(918) 494-2847 Facsimile
rbutler@secresthill.com
ATTORNEYS FOR PLAINTIFF